UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| FOUR ASSORTED FIREARMS | ) | |
| AND ASSORTED AMMUNTION, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT FOR FORFEITURE**

The United States of America, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for its verified complaint against the above-named defendant firearms and ammunition alleges in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure as follows:

**Nature of the Action**

1. This is a forfeiture *in rem* brought pursuant 18 U.S.C. § 924(d)(1), for forfeiture of (i) one Dan Wesson Arms, .44 caliber revolver, Centurion model, serial number: SB014162; (ii) one Para USA, Inc., .45 caliber pistol, 1911 Black OPS model, serial number PA013739, with four magazine clips; (iii) one Mossberg, 12 gauge shotgun, 500 model, serial number U006014; (iv) one Mossberg, 12 gauge shotgun, 590 Blackwater model, serial number U545412; and (v) 239 rounds of assorted .45 caliber ammunition.

2. This complaint is verified by the attached affidavit of Special Agent ("SA") Levi M. Tinder of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), which is fully incorporated herein.

**Jurisdiction and Venue**

3. This Court has jurisdiction over an action commenced by the United States as the plaintiff under 28 U.S.C. § 1345, and over an action for forfeiture *in rem* under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A), as certain of the acts giving rise to the forfeiture occurred within the Northern District of Illinois.

5. Venue is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a) as certain of the acts giving rise to the forfeiture occurred within the Northern District of Illinois, and 28 U.S.C. § 1395(b) as the defendant firearms and ammunition were found and seized within the Northern District of Illinois.

6. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) as the property was involved in knowing violations of 18 U.S.C. § 922(g)(3) and 922(h).

**Factual Allegations**

7. ATF and Homeland Security Investigations ("HSI") started an investigation into the illegal "straw" purchase of firearms by Ira Burdine ("Burdine") in 2016.

8. On September 5, 2017, Burdine was indicted in Kane County, Illinois, case number 17 CF 1710, for the offense of knowingly purchasing ten firearms, and in so doing intentionally proving false information on a United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms transaction record in that he had another individual affirm she was the actual buyer of the firearms and was not acquiring the firearms on behalf of another person. This offense is a Class X felony in Illinois as it is punishable by more than one year imprisonment.

9. Subsequent to Burdine's indictment, on September 11, 2017, law enforcement officers conducted a consensual search of Burdine's residence located at 3229 Cornell Road, Beach Park, Illinois. At the time, Burdine signed an ATF Consent to Search form 3320.11 stating that he freely and voluntarily agreed to the search of his residence.

10. During the search of the residence agents recovered the defendant four firearm and ammunition (i) one Dan Wesson Arms, .44 caliber revolver, Centurion model, serial number SB014162; (ii) one Para USA, Inc., .45 caliber pistol, 1911 Black OPS model, serial number PA013739, with four magazine clips; (iii) one Mossberg, 12 gauge shotgun, 500 model, serial number U006014; (iv) one Mossberg, 12 gauge shotgun, 590 Blackwater model, serial number: U545412; and (v) 239 rounds of assorted .45 caliber ammunition. In addition, a clear plastic bag of cannabis, a medicine bottle containing cannabis, and a silver cannabis grinder containing cannabis residue were recovered. The weight of the cannabis was approximately 47 grams.

11. On September 11, 2017, after Burdine was arrested and advised of his *Miranda* rights, Burdine gave a voluntary statement to law enforcement agents. In his statements, Burdine stated he used cannabis on a daily basis for medical reasons although he did not possess a medical marijuana card. Burdine further stated that he had purchased the four firearms at various unknown times and locations.

12. Title 18 of United States Code, Section 922(g)(3) provides that it is unlawful for any person to possess a firearm or ammunition, if the person is an unlawful user of or addicted to any controlled substance as defined under Section 102 of the Controlled Substance Act, 21 U.S.C. 802. Cannabis is defined as a controlled substance under the Controlled Substance Act.

13. Title 18 of the United States Code, Section 922(n) provides that it is unlawful for any person, who in under indictment for a felony, to receive any firearm or ammunition which has been shipped or transported in interstate commerce.

14. Each of the defendant firearms and ammunition had been shipped or transported in interstate commerce prior to being received and possessed by Burdine on September 11, 2017, and seized from Burdine on that date. Therefore, it would be unlawful for Burdine to receive these firearms and ammunition while under felony indictment or if he is convicted of a felony as provided under 18 U.S.C. § 922(g)(1).

## Conclusion

15. For the reasons stated herein and in the attached affidavit, the firearms and ammunition were in the possession of a person who is an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3), and/or would be received by a person who is under felony indictment in violation of 18 U.S.C. §922(n), and therefore are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

WHEREFORE, the United States of America requests:

a. the firearms and ammunition be proceeded against for forfeiture and condemnation;

b. due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

c. this Court adjudge and decree that the defendant firearms and ammunition be forfeited to the United States and disposed of according to law; and

d. any trial be before a jury.

                                        Respectfully submitted,

                                        JOHN R. LAUSCH, Jr.
                                        United States Attorney

                                        By: /s/ Daniel E. May
                                              DANIEL E. MAY
                                              Assistant United States Attorney
                                              219 South Dearborn Street, 5th Floor
                                              Chicago, Illinois 60604
                                              312-353-8694
                                              daniel.may@usdoj.gov

| | |
|---|---|
| NORTHERN DISTRIT OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

## AFFIDAVIT

I, Levi M. Tinder, having first been duly sworn, upon oath, deposes and states as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and have been so employed for approximately 3 years. My duties and responsibilities as a Special Agent with ATF involve investigation into violations of National Firearms Act, Chapter 53 of Title 26, and Chapter 44 of Title 18, United States Code. Prior to becoming a Special Agent with ATF, I was employed as a police officer with the Montgomery, Illinois Police Department for approximately four years.

2. I have read the complaint in this matter and the facts alleged are true and correct to the best of my knowledge and belief based upon my own personal knowledge as well as information I have received from other agents, persons and documents, and it does not include each and every fact known to me concerning this investigation but is submitted for the limited purpose of establishing a basis to believe the property identified is subject to forfeiture.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 11th of January, 2018, in Chicago, Illinois.

_____ S/A Levi Tinder
LEVI M. TINDER
Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives